UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SERGEI IVANOV,

        Plaintiff,

vs.

Case No. 06-CV-15298

HON. GEORGE CARAM STEEH

ROBIN F. BAKER, in his official
capacity as Field Office Director
of the United States Immigration
and Customs Enforcement,

        Defendant.
_____/

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT

This case arises out of plaintiff Sergei Ivanov's physical removal from the United States pursuant to a final order of removal. Plaintiff seeks readmittance into the United States to redress an alleged due process violation. Plaintiff's claims fail for the reasons stated below, and defendant's motion to dismiss is GRANTED.

FACTUAL BACKGROUND

Plaintiff was born in Latvia in 1972, and entered the United States in 1995 as a temporary visitor. Plaintiff was placed in removal proceedings in 1997 after he overstayed his visa. An immigration judge found plaintiff removable in 2002, and that decision was affirmed by the Board of Immigration Appeals ("BIA") on March 15, 2004. The BIA denied plaintiff's motion to reopen his case on July 7, 2004. Plaintiff was placed on an Order of Supervision on February 7, 2005, during the pendency of his

appeal of the adverse BIA order to the Sixth Circuit Court of Appeals.  The appeal was dismissed by the Sixth Circuit on February 8, 2006.

Plaintiff reported to U.S. Immigration and Customs Enforcement ("ICE") as requested and filled out his application for a travel document permitting his eventual repatriation to Russia or Latvia.  A travel document was eventually issued permitting plaintiff's removal in early July, but plaintiff could not be removed at that time, and ICE sought to have the travel document reissued for a later date.  No explanation was given as to why plaintiff could not be removed in July.

Plaintiff had a pending Labor Certification during his Order of Supervision, the approval of which would have given his employer a basis to petition for Mr. Ivanov's lawful permanent residence in the United States.  In the meantime, at his June 2, 2006 appearance before the ICE officer, plaintiff was told to return on September 11, 2006.  However, on August 30, 2006, an ICE officer took plaintiff into custody and deported him the same day.  On August 30, 2006, a letter from Detroit ICE arrived in plaintiff's mail.  The letter is dated August 17, 2006 and states that Mr. Ivanov's "next report date" is set for August 28, 2006.  Despite the date indicated on the letter, the delivery confirmation from the United States Postal Service indicates the letter was not mailed until August 29, 2006.  Mr. Ivanov did not receive the new "next report date" information until he was already deported.

Plaintiff argues that the government violated his Fifth Amendment Due Process rights and should have been estopped from deporting him.  Plaintiff seeks an order enjoining the government from enforcing an order of removal against him and permitting

him to return to the United States.  Plaintiff also seeks permission for his employer to file a petition for his lawful permanent residence in the United States.

## LAW APPLICABLE TO REMOVABLE ALIENS

Once an alien is subject to a final order of removal, Congress has mandated a 90-day removal period during which time the alien must be detained until he is removed. 8 U.S.C. § 1231(a)(1).  If the alien does not leave voluntarily or cannot be removed during the removal period, and is otherwise eligible for release, ICE can place the alien under an order of supervision until the government obtains a travel document from the alien's country of citizenship permitting his repatriation.  8 U.S.C. § 1231(a)(3).  The regulations make clear that an alien may be released under an order of supervision, pending his removal from the United States, if the alien (1) does not pose a risk to the community and (2) if he does not pose a risk of flight.  8 C.F.R. § 241.4(d)(1). Once an alien has been formally removed pursuant to a final order of removal, he is statutorily inadmissible to the United States for a period of ten years after his removal. 8 U.S.C. § 1182(a)(9)(A)(ii).

## ANALYSIS

Plaintiff's argument is based on the premise that an order of supervision is a step prior to deportation during which time the alien works with ICE to come into compliance with his immigration status.  Plaintiff argues that the United States is estopped from removing him prior to his next report date, which is a violation of his Fifth Amendment Due Process rights.  In this case it appears that plaintiff was waiting for possible approval of an employment visa which he was hoping would provide a basis for re-opening his removal order.

Plaintiff states that he is not seeking review of his final order of removal. The validity of that order, as affirmed by the Sixth Circuit Court of Appeals, must be assumed for the purpose of this action. Rather, plaintiff argues that his removal violated due process because he was not provided timely notice of his August 28, 2006 "next report date" prior to his August 30th removal.

I. Subject Matter Jurisdiction

Plaintiff's complaint claims jurisdiction under two statutes: the Declaratory Judgment Act, and 28 U.S.C.§ 1331. The Declaratory Judgment Act, 28 U.S.C. § 2201, is a procedural one that can provide a form of relief but cannot provide an independent basis for subject matter jurisdiction. Skelly Oil Co. v. Phillips Petroleum, 339 U.S. 667, 671-72 (1950). The federal question statute, 28 U.S.C. § 1331, requires that "(1) the claim must turn on an interpretation of the laws of the Constitution of the United States, and (2) the claim must not be one that is 'patently without merit'" Bell v. Hood, 327 U.S. 678, 682-84 (1946) or is "immaterial and made solely for the purpose of obtaining jurisdiction." Cobb v. Contract Transport, Inc., 452 F.2d 543, 548-49 (6th Cir. 2006).

Plaintiff argues that he has properly presented a federal question in alleging a violation of the Due Process Clause of the Fifth Amendment. Plaintiff argues his protected due process rights are well-established, citing Zadvydas v. Davis, 533 U.S. 678 (2001). In that case, the Supreme Court held that a post-removal-period detention provision contains an implicit reasonableness limitation. The Court held that the post-removal-period detention statute implicitly limits an alien's detention to a period reasonably necessary to bring about that alien's removal from the United States, and does not permit indefinite detention. Id. at 699-700. This case does not support Mr.

4

Ivanov's general claim to due process rights arising from the fact that he is post-removal-period detainee.  In fact, Mr. Ivanov was given an Order of Supervision which ensured that he would not be detained for an unreasonable length of time.  Plaintiff is not able to show a due process violation resulting from moving up his reporting date or from removing him prior to the September 11 reporting date.

II.  Estoppel

Plaintiff's claim of estoppel is stated as follows in his response to the government's motion to dismiss:

> [T]he government's conduct was egregious and resulted in fundamental unfairness to Mr. Ivanov; to wit: the government's statement that his "next return date" was September 11, 2006; and the government's failure to tell Mr. Ivanov of the new "next return date" until after the new date had passed constituted false representations and/or wrongful and misleading silence on the part of the government; these false representations and/or wrongful and misleading silence constitute error in statements of fact, not law; Mr. Ivanov was ignorant of the truth that the government had changed the "next report date;" Mr. Ivanov reasonably relied on the acts and statements of the government; and Mr. Ivanov suffered adverse effect from the acts and/or statements of the government in that, despite the pendency of his Labor certification, Mr. Ivanov was summarily deported from this country, to his serious financial, physical, and emotional detriment in misleading him, who was under an order of supervision and completely obeying every government request so as to come into compliance.

According to plaintiff, the ICE's actions did not conform to "traditional standards of fairness encompassed in due process of law."  Zadvydas, 533 U.S. at 693-94.

There is no support for plaintiff's claim that he could not be removed during the pendency of an Order of Supervision that existed solely to permit him a modicum of freedom pending his physical removal from the U.S.  Plaintiff seeks to transform an Order of Supervision from a mechanism benefitting the government, to assure an alien's

presence at the time of his removal, into a Constitutional guarantee that an alien cannot be removed from the U.S. while a report date exists under the order.

Plaintiff argues vigorously that he is not taking issue with the removal order, but rather with the Order of Supervision. However, 8 U.S.C. § 1252(g) prevents this court from interfering with the execution of a removal order. Bringing plaintiff back into the United States will effectively reverse the removal order. Section 1252(g) provides, in relevant part, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." Section 1252(g) provides an additional basis for the Court to decline jurisdiction over this case.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss the complaint in this case is GRANTED.

Dated: April 5, 2007

> S/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 5, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---